Slip Op. 09-115

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ADVANCED TECHNOLOGY & MATERIALS CO., LTD., BEIJING GANG YAN DIAMOND PRODUCTS COMPANY, and GANG YAN DIAMOND PRODUCTS, INC., | : <br> : <br> : <br> : |
| Plaintiffs, and | : <br> : <br> : |
| BOSUN TOOLS GROUP CO., LTD., | : <br> : |
| Plaintiff-Intervenor, | : <br> : |
| v. | : Before R. Kenton Musgrave, Senior Judge <br> : |
| UNITED STATES, | : Court No. 09-00079 <br> : |
| Defendant, and | : <br> : <br> : |
| DIAMOND SAWBLADES MANUFACTURERS COALITION, | : <br> : <br> : |
| Defendant-Intervenor. | : <br> : |

**OPINION**

[Dismissing action as premature without prejudice to refiling.]

Decided October 15, 2009

*Barnes, Richardson & Colburn* (*Jeffery S. Neeley*) for Plaintiffs.

*DeKieffer & Horgan (Gregory S. Menegaz)* for Plaintiff-Intervenor.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, and *Franklin E. White*,

*Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Delisa M. Sanchez*); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (*Mark B. Lehnardt*), Of Counsel, for Defendant United States.

*Wiley Rein, LLP (Daniel B. Pickard* and *Maureen E. Thorson*) for Defendant-Intervenor.

Musgrave, Senior Judge: Plaintiffs instituted this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i) to challenge a determination by the International Trade Administration, United States Department of Commerce ("Commerce") that diamond sawblades and parts thereof from China and Korea were being sold in the United States at less than fair value. Pls.' Am. Compl. at 1. The government contends that the action has been filed prematurely and moves to dismiss the matter for lack of subject-matter jurisdiction. For the reasons set forth below, the court will grant the government's motion and dismiss the matter without prejudice to refiling.

This matter relates directly to the court's recent decision in *Diamond Sawblades Mfrs.' Coalition v. United States*, 33 CIT __, Slip Op. 09-107 (Sept. 30, 2009) (granting application for writ of mandamus and ordering Commerce to issue and publish antidumping duty orders on diamond sawblades from China and Korea and to collect appropriate cash deposits; denying as moot application for writ of mandamus as to the United States International Trade Commission ("ITC")). That matter having been decided, the court now proceeds to resolve the issue presented here.

In June 2006, Commerce issued a final affirmative determination finding that diamond sawblades imported from China and Korea were being sold, or were likely to be sold, in the United States at less than fair value; that is, the merchandise was being "dumped." *See Final Determination of Sales at Less Than Fair Value and Final Partial Affirmative Determination of Critical Circumstances: Diamond Sawblades and Parts Thereof from the People's Republic of*

*China*, 71 Fed. Reg. 29303 (Dep't Commerce May 22, 2006), *as amended*, 71 Fed. Reg. 35864 (Dep't Commerce June 22, 2006); *Notice of Final Determination of Sales at Less Than Fair Value and Final Determination of Critical Circumstances: Diamond Sawblades and Parts Thereof from the Republic of Korea*, 71 Fed. Reg. 29310 (Dep't Commerce June 22, 2006).

In July 2006, the ITC determined that a domestic industry was not materially injured, or threatened with material injury, by reason of the dumped imports. *See Diamond Sawblades and Parts Thereof From China and Korea,* 71 Fed. Reg. 39128 (ITC July 11, 2006). Accordingly, no antidumping duty order was issued at that time. However, when a coalition of domestic industry producers challenged the decision in this court, the matter was subsequently remanded to the ITC for further consideration. On remand, the ITC reversed its position on the question of threat-of-material-injury and issued an affirmative determination in that regard. *See Diamond Sawblades and Parts Thereof from China and Korea*, Investigation Nos. 731-TA-1092 and 1093 (Final)(Remand) USITC Pub. 4007 (May 2008) ("Remand Determination"). The court sustained the Remand Determination. *Diamond Sawblades Mfr's Coalition v. United States*, Slip Op. 09-5, 2009 WL 289606 (CIT Jan. 13, 2009) ("Slip Op. 09-5").

Shortly thereafter, in accordance with 19 U.S.C. § 1516a(c)(1) and *Timken Co. v. United States*, 893 F.2d 337 (Fed. Cir. 1990), Commerce published a Federal Register notice of the court's decision in Slip Op. 09-5 as a decision "not in harmony" with the ITC's original determination, otherwise known as a "*Timken Notice.*" *See Diamond Sawblades and Parts Thereof from the People's Republic of China and the Republic of Korea: Notice of Court Decision Not In Harmony With Final Determination of the Antidumping Duty Investigations*, 74 Fed. Reg. 6570

(Dep't Commerce Feb. 10, 2009) ("*Timken Notice*").  In the *Timken Notice*, Commerce announced, *inter alia*, that if Slip Op. 09-5 "is not appealed, or is affirmed on appeal, then antidumping duty orders on diamond sawblades from [China] and Korea will be issued." *Id.*

On February 23, 2009 plaintiffs filed the current action.  In response, Commerce filed a motion to dismiss the matter, asserting that, because no antidumping duty order has been published, the action is premature and the court is without subject-matter jurisdiction to review it.  For the reasons set forth below, the court will grant Commerce's motion to dismiss.

## *Discussion*

Sections 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i) set forth the specific terms under which the United States has waived its sovereign immunity and consented to being sued in this Court, and "those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel Co. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).  Time limits for seeking judicial review are "jurisdictional in nature and may not be enlarged or altered by the courts." *Natural Resources Defense Council v. N.R.C.*, 666 F.2d 595, 602 (D.C. Cir. 1981).  Because the Court's subject-matter jurisdiction derives exclusively from statutory grants of authority provided by Congress, the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818 (1988).

Pursuant to section 1516a(a)(2)(A)(i)(II), a party may challenge a final affirmative dumping determination by commencing an action in this Court within thirty days after the date of publication in the Federal Register of an antidumping duty order.  19 U.S.C. § 1516a(a)(2)(A)(i)(II).  An action commenced prior to the publication of an antidumping duty order will be deemed

premature and must be dismissed. *See British Steel Corp. v. United States*, 6 CIT 200, 573 F. Supp. 1145 (1983) (dismissing as premature action commenced after affirmative countervailing duty determination but prior to publication of the countervailing duty order).

The plaintiffs in this case do not debate that an action commenced prior to the publication of an antidumping duty order must be dismissed as premature. Instead, the plaintiffs assert that this action is not premature because Commerce's February 10, 2009 *Timken Notice* effectively served as an antidumping duty order. Pls.' Opp'n to Mot. to Dismiss at 2-3. Plaintiffs contend that the *Timken Notice* "acts in every manner like an order" because (1) section 1673d(c)(2) requires Commerce to issue an order if both agencies issue affirmative determinations, which has occurred here; (2) the *Timken Notice* meets all the statutory requirements of an order; and (3) Commerce has no authority to suspend liquidation without an order. *Id*. at 6-8, 12.

Section 1673e(a) provides that, "within 7 days after being notified by the [ITC] of an affirmative determination," Commerce "shall publish an antidumping duty order which—"

> **(1)** directs customs officers to assess an antidumping duty equal to the amount by which the normal value of the merchandise exceeds the export price (or the constructed export price) of the merchandise . . . .
>    . . . .
> **(2)** includes a description of the subject merchandise, in such detail as the administering authority deems necessary, and
>
> **(3)** requires the deposit of estimated antidumping duties pending liquidation of entries of merchandise at the same time as estimated normal customs duties on that merchandise are deposited . . . .

19 U.S.C. § 1673e(a). The court agrees that Commerce has a current legal duty to issue and publish an antidumping duty order in this matter, *see Diamond Sawblades*, Slip Op. 09-107, but cannot agree that the *Timken Notice* fulfills the requirements of such an order. In fact, the court is in substantial

doubt that the *Timken Notice* meets *any* of the three legal requirements set forth in section 1673e, the most obvious flaw being that the *Timken Notice* does not "direct customs officers to assess an antidumping duty." Further, as the plaintiff concedes, the notice does not "include[] a description of the subject merchandise," and does not "require[] the deposit of estimated antidumping duties pending liquidation." 19 U.S.C. §§ 1673e(a)(1), (a)(2), & (a)(3).

Moreover, even if the *Timken Notice* arguably contained the legal elements of an antidumping duty order the court would be unwilling to find that it legally qualified as one. As noted above, the publication of an antidumping duty order has legal significance beyond the requirements of section 1673e. Federal Register publication of the order commences the statutory thirty-day filing period for seeking judicial review set forth in section 1516a(a)(2) and serves as a legal notice to interested parties that, if they wish to challenge the order, the clock is now ticking. Accordingly, for an antidumping duty order to be considered valid notice, Constitutional due process would require that the order be reasonably identifiable on its face. More precisely, the published order must be "reasonably calculated, under all the circumstances, to apprise interested parties" that it is, in fact, an antidumping duty order to which all attendant legal consequences apply. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The *Timken Notice* at issue here does not meet this standard. Nowhere does that notice identify itself as an antidumping duty order, or indicate that such an order is contained therein; on the contrary, the *Timken Notice* indicates that it is *not* an antidumping duty order when it states conditions under which such an order will be issued. Accordingly, the court finds that because no antidumping duty orders have been published, the current action has been filed prematurely and must be dismissed.

Court No. 09-00079                                                                                                    Page 7

## *Conclusion*

In consideration of the foregoing, the court finds that this action, having been filed prematurely, must be dismissed for lack of subject-matter jurisdiction. The court will grant the government's motion and dismiss the matter without prejudice to refiling. The court has taken into account the fact that, pursuant to the mandamus action ordered in Slip Op. 09-107, publication of an antidumping duty order is likely imminent. However, because of the jurisdictional nature of judicial review periods, the court would do the plaintiffs no favor by attempting to consider their claim.

                                                                    /s/ R. Kenton Musgrave
                                                                    R. KENTON MUSGRAVE, Senior Judge

Dated: October 15, 2009
New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ADVANCED TECHNOLOGY & MATERIALS, CO., LTD., BEIJING GANG YAN DIAMOND PRODUCTS COMPANY, and GANG YAN DIAMOND PRODUCTS, INC., | : : : : : |
| Plaintiffs, and | : : : |
| BOSUN TOOLS GROUP CO., LTD., | : : |
| Plaintiff-Intervenor, | : : |
| v. | : Before R. Kenton Musgrave, Senior Judge : |
| UNITED STATES, | : Court No. 09-00079 : |
| Defendant, and | : : : |
| DIAMOND SAWBLADES MANUFACTURERS COALITION, | : : : |
| Defendant-Intervenor. | : : |

## JUDGMENT

This action having been submitted for decision, and the Court, after due deliberation and consideration of all papers and proceedings, having rendered a decision herein; now, therefore in conformity with said decision, it is hereby

**ORDERED** that the defendant's May 7, 2009 motion to dismiss be, and hereby is, granted; it is further

**ORDERED** that this action, be, and hereby is, dismissed without prejudice to refiling.

                                                                     /s/   R. Kenton Musgrave
                                                    R. KENTON MUSGRAVE, Senior Judge

Dated: October 15, 2009
    New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                       Deputy Clerk